# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,  )
          Plaintiff,  )    2:10-CR-109-RLH-PAL
  vs.  )    **O R D E R**
                                                                                                   (Motion to Reconsider–#49)
JENNA DEPUE,  )
          Defendant.  )

        Before the Court is the United States' Motion to Reconsider this Court's Denial of the Final Order of Forfeiture Money Judgment of $76,000 and Mandatory Restitution Order of $167,000 as to Jenna Depue (#49, filed May 15, 2012).

        Not only does the Court view the Government's demands to be unjust, it is offended by the Government's waiting a week to file a motion which the Court must address less than a week hence, or lose jurisdiction to do so, when it is preparing to leave the jurisdiction within 24 hours, and precluding the Defendant from making an adequate response. Notwithstanding, the Court will try to address the Government's claims, but refers the reader to the Court's justification for its actions as demonstrated by the sentencing hearing transcript of this case, which the Government quotes only in part.

        The Government contends that this Court is *required* to enter a personal money judgment against the Defendant totaling hundreds of thousands of dollars. The Government's argument essentially ignores the fact that this Court did, indeed, order restitution against Jenna Depue

1

in the amount of $10,000, which it felt was a just reflection of her culpability compared with her faithful cooperation which was instrumental in the conviction of her brother, the ringleader of this conspiracy who also cheated her out of tens of thousands of dollars.

The Government is fond of citing and quoting a number of cases dealing with forfeiture and restitution. The Court lacks the time to review all these cases, but is confident they do not present the situation we have before us.

The Government represented at the sentencing hearing that the amount of forfeiture was calculated by adding up the wages paid to Jenna Depue when she came to work for her brother, after leaving the job she had in Arizona because he convinced her that he needed her to work for him.

The statute which provides for, and requires, civil restitution is 18 U.S.C. §981(d)(v) and (vi), which deals with restitution in mail and wire fraud cases. A clear reading of that statute provides that there be a forfeiture of the *gross receipts* obtained directly or indirectly from the mail or wire fraud. Other provisions of that statute refer to *proceeds from or property used to facilitate* the crime.

Jenna Depue's wages do not constitute gross receipts of the mail or wire fraud. Nor does it constitute proceeds from or property used to facilitate the crime. It is no argument that her brother may have obtained proceeds of his criminal conduct and used them to pay Jenna's legitimate wages. As to her, the wages do not constitute receipts of or proceeds of the crime.

Criminal forfeiture is provided for in 18 U.S.C. §3663. The Court, for brevity, will not quote the entire statute, but even a cursory reading demonstrates that in each instance, the statute states that the Court *may* order restitution. (a)(1)(A). The Court *may* order restitution agreed to in the plea agreement. *Id.* and (a)(3). Section (a)(1)(B) provides that the Court can consider the financial resources of the defendant, her financial needs and earning ability, and *"any other factors the Court deems appropriate."* The Government ignores the fact that Jenna Depue gave up a good job working for an engineering firm in Arizona when she was lured to Las Vegas by her brother. It ignores the financial losses she and her family suffered at the hands of Brett Depue, her brother. When it moved,

for a downward departure, pursuant to U.S.G.L. 5K1.1, it should have given more consideration to the realities of the bases for her agreeing to the forfeiture and restitution in the plea agreement, made before her herculean demonstration of integrity on the witness stand at two trials, notwithstanding the degrading and intimidating cross-examination by her brother.

The Government relies on the language of the plea agreement to insist that the Court order Jenna to forfeit $76,000 and pay restitution in the amount of $167,000 dollars, all of which she does not have nor does her reported income provide that she could pay without leaving her penniless and homeless.

Ordering a personal forfeiture money judgment under the circumstances of this case, where the Government has failed to prove that the Defendant concealed or transferred property, or that she benefitted in any fashion from the fraud she participated in at the urging of her brother (and upon representations that it was lawful), is additional punishment.

The Court has wide discretion in setting the penalty for criminal violations. *See United States v. Gutierrez-Silva*, 353 F.3d 819 (9th Cir. 2003). The Court must consider any recommendation as to sentence from the Government but is not required to accept it. *United States v. Pelayo-Bautisa*, 907 F.2d 99, at l02 (9th Cir. 1990). Further, the Court may, but is not obligated to, accept the terms of the plea agreement as to punishment, particularly when that plea agreement did factually address the circumstances presented here. Furthermore, any forfeiture is subject to the Excessive Fines Clause of the Eighth Amendment. *Libretti v. United States,* 516 U.S. 29, at 45 (1995).

Finally, forfeiture in this case would be unfair and counter-productive in that instead of encouraging cooperation, it would discourage it. The Court is required to impose a sentence that is sufficient, but not greater than necessary to provide just punishment. *See* 18 U.S.C. §3553. A forfeiture money judgment or an order of restitution in excess of that ordered by this Court, in this case, is not a true forfeiture but is additional punishment, which this Court refuses to impose.

///

IT IS THEREFORE ORDERED that the United States' Motion to Reconsider this Court's Denial of the Final Order of Forfeiture Money Judgment of $76,000 and Mandatory Restitution Order of $167,000 as to Jenna Depue (#49) is DENIED.

Dated: May 15, 2012.

_____
**Roger L. Hunt**
**United States District Judge**